SLR:LDM:KKO/KL
F.#2014R02026

FILED - Courtesy Copy -
Original Filed Electronically
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAR 2 5 2015   ★ 

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

AVERY POWELL,

Defendant.

- - - - - - - - - - - - - - - - X

CONSENT PRELIMINARY
ORDER OF FORFEITURE

15-CR-025 (SJF)

WHEREAS, on March 17, 2015, AVERY POWELL (the "Defendant"), entered a plea of guilty to Count One of the above-captioned indictment, charging a violation of 18 U.S.C. § 2252(a)(2); and

WHEREAS, pursuant to 18 U.S.C. § 2253, the Defendant consents to the forfeiture of all right, title and interest in: (i) one HP laptop, serial number 6CF227079L; (ii) one Asus laptop, serial number 5100-0222W000 F4; (iii) one LG smart phone, model LS 980; (iv) one Kyocera phone, model S3015, DEC # 268 435 459 909 199 646; (v) one iPod, serial number CCQKK5SEF4K4; (vi) one roller bag; (vii) one generic USB drive; (viii) one Sandisk USB Drive 16 GB; (ix) three PNY USB Drives 16 GB; (x) one PNY USB Drive 32 GB; (xi) one Micro Center USB Drive 64 GB; (xii) one Micro SD card 32 GB; (xiii) one WD Elements hard drive, serial number WX41AA280665; (xiv) one WD Elements hard drive, serial number WXL1AA3T8578; (xv) one Samsung NX 100 with 2 lenses and battery pack, serial number A43QCN0CC0004CT; (xvi) one Spring Netgear hot spot, serial number F3347104590410, and (xvii) one Nook E Reader, model BNTV400, seized from the

defendant's residence on December 9, 2014 (collectively, the "Forfeited Property"), as (a) visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; (c) property, real or personal, used or intended to be used to commit or to promote the commission of said offenses or property traceable to such property, and/or (d) substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

1. The Defendant shall forfeit to the United States all right, title, and interest in the Forfeited Property pursuant to 18 U.S.C. § 2253 and 21 U.S.C. § 853(p).

2. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Forfeited Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

3. The United States shall publish notice of this Order, in accordance with the custom and practice of this district, on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Property in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Property as a substitute for published notice as to those persons so notified.

4. Any person, other than the Defendant, asserting a legal interest in the Forfeited Property may, within thirty (30) days of the final publication of notice or the receipt of notice, or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeited Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Forfeited Property must be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, and interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought.

5. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Property in any administrative or judicial proceeding. The Defendant shall take whatever steps are necessary to ensure clear title to the Forfeited Property passes to the United States, including the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Property to the United States. If the Forfeited Property, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the Defendant up to the value of the Forfeited Property, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The forfeiture of the Forfeited Property shall not be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

United States v. Powell, 15-CR-025 (SJF)     Page 3
Consent Preliminary Order of Forfeiture

6. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the property forfeited hereunder, including notice set forth in an indictment or information. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Forfeited Property, and waives all constitutional, legal and equitable defenses to the forfeiture of said property, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

8. Pursuant Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order to FSA Paralegal Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
March 16, 2015

s/ Sandra J. Feuerstein

HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE